**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Monaghan, | No. CV 06-0597-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | [Not for Publication] |
| State of Arizona; Western Towing; Andrew Thomas, State City Attorney; Brian Sloan, P.D.; Jeff Force, Supervisor Public Defender; Nancy Guanner; White GSD Rescue; Fernandez, Maricopa County Probation Officer; Bertucci, Maricopa County Probation Officer supervisor Terrible Herbst Inc.; Todd Connors; Charles English; Cavanall, "Duff"; Joanne Wolfe, Bullhead City Animal Shelter Officer; Does 1-10; Josephine Sutter, Bullhead City Magistrate; Police Officers, Bullhead City, 1-10; John Hickman, Bullhead City Solicitor; Jeffrey A., Bendavid, Esq.; William S,. Jenkins, Esq.; MASH, MCSO Animal Safe Hospice; Anee Anderson, Commissioner Superior Court; Unknown Detention Officer Supervisor, Lower Buckeye Jail, | |
| Defendants. | |

Before the court are: the Motion to Dismiss Action With Prejudice (doc. # 32) filed by Defendants Jenkins, Bendavid, Terrible Herbst, Connor, English, Cavanaugh ("Duff"), and Wolf; the Motion to Dismiss (doc. # 33) of Defendants Thomas, Sloan, Force, and Maricopa County Sheriff's Office Animal Safe Hospice ("MASH"); and the Motion to

Dismiss (doc. # 34) of Defendants State of Arizona, Anderson, Bertucci, and Fernandez. Plaintiff has filed various documents (doc. ## 35, 37, and 41), which the court has determined to treat as responses, though also extending Plaintiff's time to file true responses to April 28, 2006 (doc. ##36 and 43). Plaintiff has filed no further responses.

**I.     THE COUNTY DEFENDANTS' MOTION (DOC. # 33)**

Defendants Thomas, Sloan, Force move to dismiss for insufficiency of service of process, Fed. R. Civ. P. 12(b)(5). Plaintiff's affidavits of service show on their face that each such defendant was purportedly served at his place of employment (not their residences) by delivery of papers to "Susan" and "Manny". The uncontroverted evidence is that Susan and Manny are receptionists who are not authorized to accept service of process for Defendants Thomas, Sloan, or Force. The purported service upon Defendants Thomas, Sloan, Force must at a minimum quashed.

Defendant the MASH unit, a division of the Maricopa County Sheriff's Office, moves to dismiss because it is not a proper party to this action, as it has no separate legal status or ability to sue or be sued. The motion is well taken and will be granted.

**II.    THE STATE DEFENDANTS' MOTION (DOC. # 34)**

Defendants State of Arizona, Anderson, Bertucci, and Fernandez move to dismiss on various grounds. This money damage action against the State of Arizona is barred by the Eleventh Amendment and will be dismissed for lack of subject matter jurisdiction.

The action seeks relief against Commissioner Anderson for her judicial acts in the Superior Court criminal proceeding pending against Plaintiff. Commissioner Anderson has absolute judicial immunity for such acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This action will be dismissed with prejudice for absolute judicial immunity.

Probation officers Bertucci and Fernandez also enjoy judicial immunity for their official acts. *Demoran v. Witt*, 781 F.2d 155, 156-57 (9th Cir. 1985). Plaintiff alleges nothing against Defendants Bertucci and Fernandez that constitutes a violation of Plaintiff's federal rights, much less a clear violation. Plaintiff has forgone the opportunity to articulate some federal right violated and how any such right was clearly settled, and there is no reason to

1 think this defect could be cured by amendment.  Defendants Bertucci and Fernandez are 2 entitled also to qualified immunity if somehow they have exceeded the scope of absolute 3 immunity.  This action will be dismissed as against Defendants Bertucci and Fernandez 4 alternatively for absolute and for qualified immunity.

**III.     THE BULLHEAD CITY DEFENDANTS' MOTION (DOC. # 32)**

Defendants Jenkins, Bendavid, Terrible Herbst, Connor, English, Cavanaugh ("Duff"), and Wolf challenge the complaint for failure to state a claim against them upon which relief can be granted, failure to comply with the pleading requirements of Rules 8 and 10, Fed. R. Civ. P., and improper joinder of defendants.  The complaint wholly fails to comply with those rules and otherwise is an unintelligble jumble of assertions and legal conclusions.

**A.     Service of Process**

Defendants Jenkins, Bendavid, Terrible Herbst also challenge the sufficiency of service of process upon them.  Service upon counsel's secretary was not service upon any of these Defendants, and mere mailing of the papers to defendants is not sufficient service under Fed. R. Civ. P. 4(e) or (h).

**B.     Rules 8 and 10, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity

1 of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.
2 1996). An example is Form 9 (Complaint for Negligence):

3     1. Allegation of jurisdiction

4     2. On June 1, 1936, in a public highway called Boylston Street in Boston,
5     Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
6     was then crossing said highway.

7     3. As a result plaintiff was thrown down and had his leg broker, and was otherwise
8     injured, was prevented from transacting his business, suffered great pain of body
9     and mind, and incurred expenses for medical attention and hospitalization in the
10     sum of one thousand dollars.

11     4. Wherefore plaintiff demands judgment against defendant in the sum of ____
12     dollars and costs.

13 *Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory,
14 with enough detail to guide discovery. It can be read in seconds and answered in minutes."
15 *Id.*

16     Rule 10 further requires separate counts "if necessary to enable the defendant to frame
17 a responsive pleading or to enable the court and the other parties to understand the claims."
18 Accordingly, to satisfy Rules 8 and 10, each claim must be stated in a separate count.
19 *Buatista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

20     Plaintiff's Complaint falls far short of satisfying the requirements of Rules 8 and 10.
21 He does not provide a "short and plain statement" for each claim. Instead, his Complaint is
22 incoherent, conclusory, often illegible, and without intelligible structure to the facts alleged.
23 The Complaint plainly fails to comply with Rules 8 and 10 and further fails to state a claim
24 against these Defendants upon which relief can be granted. Because the court cannot tell at
25 this juncture whether a proper claim could be stated, the court will dismiss the Complaint
26 with leave to amend.

27
28

### C. Misjoinder of Parties

Defendants Jenkins, Bendavid, Terrible Herbst, Connor, English, Cavanaugh, and Wolf's challenge under Fed. R. Civ. P. 20 for improper joinder of defendants is well taken. Dismissal of all the State Defendants cures some but not all of the misjoinder of parties. Even as to the Bullhead City Defendants and the Maricopa County Defendants, Plaintiff does not assert rights jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; nor is there any question of law or fact common to all the remaining Defendants.

Pursuant to Rule 21, Fed. R. Civ. P., the court will leave in this action those Defendants first appearing the caption of the Complaint and will drop the remaining Defendants who have been improperly served.

### D. Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint as against the remaining Defendants not dismissed by this order to make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's right, and what specific injury he suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Kennedy must conform to the requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that the Motions to Dismiss (doc. ## 32, 33, and 34) are granted as follows:

1. The purported services upon Defendants Thomas, Sloan, Force, Jenkins, Bendavid, Terrible Herbst (doc. ## 9, 12, 15, 16, 21, 24) are quashed.

2. The complaint and the action are dismissed with prejudice as against Defendants Anderson, Bertucci, and Fernandez.

3. Defendants Jenkins, Bendavid, Terrible Herbst, Connor, English, Cavanaugh ("Duff"), and Wolf are dismissed from this action without prejudice for improper joinder of parties.

4. The action is dismissed with prejudice as against Defendant MASH unit, a division of the Maricopa County Sheriff's Office, for lack of capacity to be sued.

5. As to all remaining Defendants, whether served or not served, the Complaint is dismissed for failure to comply with Rules 8(a), 10(b), and 12(b)(6), Fed. R. Civ. P., with leave to file an amended complaint until May 26, 2006. If an amended complaint is not filed by that date, the Clerk shall enter judgment dismissing this action in accordance with this order and without further notice to Plaintiff.

DATED this 8th day of May 2006.

_____
Neil V. Wake
United States District Judge